RECEIVED & FILED
2017 JAN 31 ' A 10:41
'X'S TORT CIVIL DIV
MIDDLESEX VICINAGE

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.
101 Grovers Mill Road, Suite 200
Lawrence Township, NJ 08648
(609) 275-0400
Robert E. Lytle (NJ ID No. 046331990)

SIMON GREENSTONE PANATIER BARTLETT, P.C.
3780 Kilroy Airport Way, Suite 540
Long Beach, CA 90806
(562) 590-3400
By: Leah Kagan (NJ ID No. 013602009)

Attorneys for Plaintiffs

**MARIE BOND MACY** and
**JACK MACY,**

   Plaintiffs,

        v.

**BRENNTAG NORTH AMERICA, INC.**
(sued individually and as successor-in-interest
to MINERAL PIGMENT SOLUTIONS, INC.
and as successor-in-interest to WHITTAKER
CLARK & DANIELS, INC.);

**BRENNTAG SPECIALTIES, INC.** f/k/a
MINERAL PIGMENT SOLUTIONS, INC.
(sued individually and as successor-in-interest
to WHITTAKER CLARK & DANIELS,
INC.);

**COLGATE-PALMOLIVE COMPANY;**

**CYPRUS AMAX MINERALS COMPANY**
(sued individually, doing business as, and as
successor to METROPOLITAN TALC CO.
INC. and CHARLES MATHIEU INC. and
SIERRA TALC COMPANY and UNITED
TALC COMPANY);

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION-MIDDLESEX
COUNTY

DOCKET NO. **MDL 00623 17**

CIVIL ACTION
ASBESTOS LITIGATION

ORIGINAL COMPLAINT AND
DEMAND FOR TRIAL BY JURY



EXHIBIT
D 1
4/6/17

IMERYS TALC AMERICA, INC. (sued
individually and as successor-in-interest to
LUZENAC AMERICA, INC. successor-in-
interest to CYPRUS INDUSTRIAL
MINERALS COMPANY);

JOHNSON & JOHNSON;

VALEANT PHARMACEUTICALS
INTERNATIONAL CORPORATION;

VALEANT PHARMACEUTICALS
NORTH AMERICA LLC;

WHITTAKER CLARK & DANIELS,
INC.;

JOHN DOE CORPORATIONS 1-50
(fictitious);

Defendants.

Plaintiffs, by way of Complaint against Defendants, upon information and belief

allege as follows:

### PARTIES – PLAINTIFFS

1.      Plaintiffs, MARIE BOND MACY and JACK MACY, reside at 2 Macy Lane,

Surry, Maine 04684.

2.      From approximately 1951 to the mid 1970's, Plaintiff MARIE BOND MACY was

exposed to asbestos through her personal, daily use of asbestos-containing Cashmere Bouquet

talcum powder.  From approximately 1958 to 1974, Plaintiff MARIE BOND MACY was

exposed to asbestos through her personal, daily use of asbestos-containing Johnson's Baby

Powder on herself and on her children.  From approximately the mid 1970's to 1995, Plaintiff

MARIE BOND MACY was exposed to asbestos through her personal, daily use of asbestos-

containing and Shower-to-Shower talcum powder.  Plaintiff MARIE BOND MACY's regular

and frequent use of Cashmere Bouquet talcum powder, Johnson's Baby Powder and Shower-to-

Shower talcum powder generated asbestos-containing dust and exposed Plaintiff MARIE BOND MACY to respirable asbestos fibers.

As a direct and proximate result of the above exposures, Plaintiff MARIE BOND MACY contracted mesothelioma and has suffered, and continues to suffer, from other various diverse injuries and attendant complications.

3.   Plaintiffs bring this action on behalf of themselves.

4.   Plaintiffs claim damages as a result of:

   _x_   loss of consortium (per quod)

   _x_   loss of services

   _x_   economic loss

   _x_   pain and suffering

5.   Reference herein to "Plaintiff" and "Plaintiffs" are references to all the persons set forth above as is syntactically and contextually correct.

## PARTIES - DEFENDANTS

1.   Defendants are corporations organized under the laws of New Jersey and/or various states of the United States of America that were and are doing business in the State of New Jersey.  The aforementioned Defendants mined, milled, designed, manufactured, sold, supplied, purchased, and/or marketed asbestos, and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products to which Plaintiff MARIE BOND MACY was exposed.

2.   Defendants **BRENNTAG NORTH AMERICA, INC.** (sued individually and as successor-in-interest to MINERAL PIGMENT SOLUTIONS, INC. and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.), **BRENNTAG SPECIALTIES,**

INC. f/k/a MINERAL PIGMENT SOLUTIONS, INC. (sued individually and as successor-in-interest to WHITTAKER CLARK & DANIELS, INC.), **COLGATE-PALMOLIVE COMPANY**; **CYPRUS AMAX MINERALS COMPANY** (sued individually, doing business as, and as successor to METROPOLITAN TALC CO. INC. and CHARLES MATHIEU INC. and SIERRA TALC COMPANY and UNITED TALC COMPANY), **IMERYS TALC AMERICA, INC.** (sued individually and as successor-in-interest to LUZENAC AMERICA, INC. successor-in-interest to CYPRUS INDUSTRIAL MINERALS COMPANY), **JOHNSON & JOHNSON, VALEANT PHARMACEUTICALS INTERNATIONAL CORPORATION, VALEANT PHARMACEUTICALS NORTH AMERICA LLC**, and **WHITTAKER CLARK & DANIELS, INC.** were designers, manufacturers, suppliers or distributors of asbestos, and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products to which Plaintiff MARIE BOND MACY was exposed.

3.    Defendants, **JOHN DOE CORPORATIONS 1-50**, are the fictitious names of corporations, partnerships, or other business entities or organizations whose identities are not presently known, and who are the alter egos of or are otherwise responsible for the conduct or liability of those who mined, milled, manufactured, sold, supplied, purchased, marketed, installed and/or removed asbestos, and/or asbestos-containing products, and/or equipment requiring or calling for the use of asbestos and/or asbestos-containing products, and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products to which Plaintiff MARIE BOND MACY was exposed.

4.    The term "Defendants" is used hereafter to refer to all the entities named

-4-

16

above.

    5.    Defendants conduct business in the State of New Jersey, and certain Defendants reside or maintain their principal offices in the State of New Jersey.

## FIRST COUNT

    1.    Plaintiffs reiterate the facts and contentions as set forth above and repeat them herein.

    2.    Defendants, at all times material hereto, acted through their respective officers, employees and agents, who in turn were acting within the scope of their authority and employment in furtherance of the business of Defendants.

    3.    Defendants were engaged, directly or indirectly, in the mining, milling, designing, manufacturing, producing, processing, compounding, converting, selling, merchandising, supplying, or distributing of asbestos and/or asbestos-containing talc and/or other finished and unfinished asbestos-containing talcum powder products, asbestos-containing products, and/or raw asbestos fiber of various kinds and grades which Defendants knew or should have foreseen would be used with asbestos-containing products (hereinafter collectively referred to as "asbestos-containing products").

    4.    Defendants, directly or indirectly, caused their asbestos-containing products to be sold to or used by Plaintiff MARIE BOND MACY in her personal residences.

    5.    Plaintiff MARIE BOND MACY, during her personal use of talcum powder products, was exposed to and came in contact with Defendants' asbestos-containing products. Plaintiff MARIE BOND MACY inhaled or ingested the asbestos dust and fibers emanating from Defendants' asbestos-containing products.

6.    As a direct and proximate result of Plaintiff MARIE BOND MACY's inhalation and ingestion of dust particles and fibers from Defendants' asbestos-containing products, Plaintiff MARIE BOND MACY developed permanent and disabling personal injuries.

7.    During the time that Defendants mined, milled, designed, manufactured, produced, processed, compounded, converted, sold, merchandised, distributed, and supplied their asbestos-containing products, Defendants knew, or in the exercise of reasonable care should have known, that their asbestos-containing products were defective, ultrahazardous, dangerous and otherwise highly harmful to Plaintiff MARIE BOND MACY.

8.    Defendants knew, or in the exercise of reasonable care should have known, that the use of their asbestos-containing products would cause asbestos dust and fibers to be released into the air and would create dangerous and unreasonable risk of injury to the lungs, respiratory systems, larynx, stomach and other bodily organs of users of their products and to others breathing that air and coming into contact with that dust.

9.    Plaintiff MARIE BOND MACY did not know the nature and extent of the injury that would result from contact with and exposure to Defendants' asbestos-containing products or from the inhalation or ingestion of the asbestos dust and fibers.

10.    Defendants knew, or in the exercise of reasonable care should have known, that Plaintiff MARIE BOND MACY would come into contact with and be exposed to their asbestos-containing products and would inhale or ingest asbestos dust and fibers as a result of the ordinary and foreseeable use of Defendants' asbestos-containing products by Plaintiff MARIE BOND MACY.

11.    Despite the facts as set forth above, Defendants negligently, recklessly and intentionally:

(a)    mined, milled, designed, manufactured, produced, processed, compounded, converted, sold, supplied, merchandised, distributed or otherwise placed in the stream of commerce asbestos-containing products which Defendants knew or in the exercise of reasonable care should have known, were defective, dangerous, ultra-hazardous and otherwise unreasonably harmful to Plaintiff MARIE BOND MACY;

(b)    failed to take reasonable precautions or exercise reasonable care to warn Plaintiff MARIE BOND MACY adequately of the risks, dangers and harm to which she would be exposed by exposure to, contact with, use and handling of Defendants' asbestos-containing products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos-containing products;

(c)    failed to provide information or reasonably safe and sufficient safeguards, wearing apparel, proper equipment and appliances necessary to protect Plaintiff MARIE BOND MACY from being injured, poisoned, disabled, killed or otherwise harmed by using, handling, coming into contact with and being exposed to Defendants' asbestos-containing products, or by inhalation or ingestion of the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos-containing products;

(d)    failed to package their asbestos-containing products in a manner that would assure that Plaintiff MARIE BOND MACY would not come into contact with or be exposed to the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos-containing products;

-7-

(e)     failed to advise Plaintiff MARIE BOND MACY of the necessity to adopt and enforce a safe, sufficient and proper method and plan of using, handling, coming into contact with and being exposed to Defendants' asbestos-containing products so that she would not inhale or ingest the asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos-containing products;

(f)     ignored and/or suppressed medical and scientific information, studies, tests, data and literature which Defendants acquired during the course of their normal business activities concerning the risk of asbestosis, scarred lungs, cancer, mesothelioma, respiratory disorders and other illnesses and diseases to individuals such as Plaintiff MARIE BOND MACY, and other persons similarly situated, who were exposed to Defendants' asbestos-containing products;

(g)     disregarded medical and scientific information, studies, tests, data and literature concerning the causal relationship between the inhalation or ingestion of asbestos dust and fibers, and such diseases as asbestosis, mesothelioma, scarred lungs, cancer, respiratory disorders and other illnesses and diseases;

(h)     exposed and continued to expose Plaintiff MARIE BOND MACY and other persons similarly situated to the risk of developing asbestosis, mesothelioma, scarred lungs, cancer and other illnesses, all of which risks Defendants knew, or in the exercise of reasonable care should have known, were consequences of exposure to asbestos dust and fibers;

(i)     failed to seek substitute materials in lieu of the use of asbestos;

(j)     failed to advise Plaintiff MARIE BOND MACY who Defendants knew, or in the exercise of reasonable care should have known, had been exposed to, inhaled or ingested

asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants'
asbestos-containing products; to cease further uncontrolled or unprotected exposure to
asbestos-containing products and the inhalation or ingestion of asbestos dust and fibers and
all other kinds of smoke, dusts and fumes; to be examined by competent medical doctors to
determine the nature and extent of any and all diseases caused by inhalation or ingestion of
asbestos dust and fibers; and to receive medical care and treatment for such diseases.

12.   Defendants otherwise acted negligently, recklessly and with intentional
disregard for the welfare of Plaintiff MARIE BOND MACY in the mining, milling,
designing, manufacturing, producing, processing, compounding, converting, selling,
merchandising, supplying, distributing, or otherwise placing in the stream of commerce their
asbestos-containing products.

13.   As a direct and proximate result of the acts and omissions of Defendants,
Plaintiff MARIE BOND MACY was exposed to and came in contact with Defendants'
asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from
the ordinary and foreseeable use of said asbestos-containing products. Plaintiff MARIE
BOND MACY developed mesothelioma as a direct and proximate result of said exposure to
asbestos-containing products. Plaintiff MARIE BOND MACY has and continues to endure
severe pain and suffering and mental anguish, has been required to expend great sums of
money for medical care and treatment related thereto, has been prevented from pursuing her
normal activities and employment and has been deprived of her ordinary pursuits and
enjoyments of life. Plaintiff MARIE BOND MACY has suffered lost wages and earnings
and severe pecuniary loss, all to Plaintiffs' MARIE BOND MACY's and JACK MACY's
loss.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## SECOND COUNT

1.      Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.      Defendants expressly or impliedly warranted that their asbestos-containing products, which they mined, milled, designed, manufactured, produced, compounded, converted, processed, sold, supplied, merchandised, distributed or otherwise placed in the stream of commerce were merchantable, reasonably fit for use and safe for their intended purposes.

3.      Defendants breached said warranties in that their asbestos-containing products were defective, ultrahazardous, dangerous, unfit for use, not merchantable and not safe for their intended, ordinary and foreseeable use and purpose.

4.      As a direct and proximate result of Defendants' breach of warranties, Plaintiff MARIE BOND MACY was exposed to asbestos and came in contact with Defendants' asbestos-containing products and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of Defendants' asbestos-containing products.  Plaintiff MARIE BOND MACY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

-10-

## THIRD COUNT

1.    Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.    Defendants failed to disclose and intentionally and negligently misrepresented to Plaintiff MARIE BOND MACY the health risks created by the ordinary use of Defendants' asbestos-containing products.

3.    Plaintiff MARIE BOND MACY relied upon said representations.  Plaintiff MARIE BOND MACY's reliance was foreseeable to Defendants.

4.    As a result of Defendants' conduct, Plaintiff MARIE BOND MACY came in contact with Defendants' asbestos-containing products and inhaled or ingested asbestos dust and fibers from these products.  Plaintiff MARIE BOND MACY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## FOURTH COUNT

1.    Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2.    Defendants are <u>strictly liable</u> to Plaintiffs by reason of the following:

(a)    Defendants were engaged in the business of being miners, millers, designers, manufacturers, producers, processors, sellers, suppliers, and distributors of their asbestos-containing products;

(b)    Defendants knew or had reason to know that Plaintiff MARIE BOND MACY and other persons similarly situated would be ultimate users or consumers of their asbestos-containing products or would be exposed to their asbestos-containing products;

(c)    Defendants sold or otherwise placed their asbestos-containing products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff MARIE BOND MACY and other persons similarly situated;

(d)    Throughout the many years that Plaintiff MARIE BOND MACY and other similarly situated persons were exposed to and used Defendants' asbestos-containing products, said asbestos-containing products reached the users and consumers without substantial change in the condition in which they were sold;

(e)    The ordinary and foreseeable use of Defendants' asbestos-containing products constituted a dangerous and ultrahazardous activity and created an unreasonable risk of injury to users and bystanders;

(f)    Defendants' asbestos-containing products were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer, were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of their asbestos-containing products.

3.    As a consequence of the defective condition of Defendants' asbestos-containing products and their failure to warn, Plaintiff MARIE BOND MACY inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of those asbestos-containing products. Plaintiff MARIE BOND MACY has suffered the injuries, expenses and

losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

### FIFTH COUNT
### (Product Liability Act Claim)

1. Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2. Defendants are strictly liable to Plaintiffs by reason of the following:

(a) Defendants were engaged in the business of being miners, millers, designers, manufacturers, producers, processors, sellers, suppliers, and distributors of their asbestos-containing products;

(b) Defendants knew or had reason to know that Plaintiff MARIE BOND MACY and other persons similarly situated would be ultimate users or consumers of their asbestos-containing products or would be exposed to their asbestos-containing products;

(c) Defendants sold or otherwise placed their asbestos-containing products into the stream of commerce in a defective condition, unreasonably dangerous to Plaintiff MARIE BOND MACY and other persons similarly situated;

(d) Throughout the many years that Plaintiff MARIE BOND MACY and other similarly situated persons were exposed to and used Defendants' asbestos-containing products, said asbestos-containing products reached the users and consumers without substantial change in the condition in which they were sold;

-13-

(e)    The ordinary and foreseeable use of Defendants' asbestos-containing products constituted a dangerous and ultra-hazardous activity and created an unreasonable risk of injury to users and bystanders;

(f)    Defendants' asbestos-containing products were defective in that they deviated from the design specifications and/or standards set forth by the manufacturer, were incapable of being made safe for their ordinary and intended use and purpose due to their defective design, and Defendants failed to give any warnings or instructions, or failed to give adequate or sufficient warnings or instructions about the risks, dangers and harm associated with the use of their asbestos-containing products.

3.    As a consequence of the defective condition of Defendants' asbestos-containing products and their failure to warn, Plaintiff MARIE BOND MACY inhaled or ingested asbestos dust and fibers during ordinary and foreseeable use of those asbestos-containing products. Plaintiff MARIE BOND MACY has suffered the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

## SIXTH COUNT

1.    Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

-14-

2.    Defendants acted in concert with each other and with other members of the industry through express agreement, implicit agreement, imitative behavior and conscious parallel behavior:

(i)    to withhold from users of their asbestos-containing products, and from persons who Defendants knew or should have known would be exposed to their asbestos-containing products, information regarding the health risks of breathing or ingesting asbestos dust and fibers;

(ii)    to eliminate or prevent development of adequate procedures and tests relating to the health hazards of exposure to asbestos fibers and dust; and

(iii)    to assure that asbestos-containing products became widely used in industries such as personal hygiene and similar such industries.

3.    Defendants knew that their activities were violative of common law standards of care and that their withholding of information, failure to develop tests and procedures and promotion of widespread use of asbestos-containing products would expose persons such as Plaintiff MARIE BOND MACY to unreasonable risk of bodily injury.

4.    Defendants nevertheless gave substantial assistance and encouragement to each other and to other members of the industry and assisted each other and other members of the industry in: withholding information regarding the dangers of asbestos; failing to develop tests and procedures to assure that users of asbestos would not be subjected to risk of injury; and promoting widespread use of products which Defendants knew would expose Plaintiff MARIE BOND MACY to unreasonable risk of bodily injury.

5.    As a direct and proximate consequence of the concerted actions of Defendants and other members of the industry, Plaintiff MARIE BOND MACY was exposed to and

came in contact with Defendants' asbestos-containing products, and inhaled or ingested asbestos dust and fibers resulting from the ordinary and foreseeable use of said asbestos-containing products. Plaintiff MARIE BOND MACY was caused to suffer the injuries, expenses and losses, including severe pain and suffering and mental anguish, as alleged in prior counts of this Complaint.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgement interest, and costs of suit as provided by law.

## SEVENTH COUNT

1. Plaintiffs reiterate the facts and contentions as set forth above, and repeat them herein.

2. The Defendants constitute all known, non-remote producers, designers, manufacturers, suppliers, and distributors of the asbestos-containing products which could have caused Plaintiff MARIE BOND MACY's injuries.

3. Each of the Defendants, whether acting individually or in concert with others, violated a duty of care owed to Plaintiff MARIE BOND MACY, or otherwise engaged in culpable activity against Plaintiff MARIE BOND MACY. The acts and omissions of at least one of the Defendants caused Plaintiff MARIE BOND MACY to suffer the injuries, losses and expenses alleged in prior counts of this Complaint.

4. Plaintiff MARIE BOND MACY in no respect can be blamed should she be unable to establish which of the asbestos-containing products caused the injuries complained of herein.

5.    The burden of proof in this matter thus should shift to Defendants to demonstrate that their respective conduct and their respective products could not have caused Plaintiff MARIE BOND MACY's injuries, and, failing such proof, Defendants should be held jointly, severally, or alternatively liable for Plaintiff MARIE BOND MACY's injuries.

WHEREFORE, Plaintiffs demand judgment against Defendants, jointly, severally, or in the alternative, for compensatory damages, punitive damages, pre- and post-judgment interest, and costs of suit as provided by law.

### EIGHTH COUNT

1.    Plaintiff JACK MACY repeats the prior allegations of this Complaint.

2.    Plaintiff, JACK MACY, is the spouse of Plaintiff MARIE BOND MACY.

3.    As consequence of the injuries to his respective spouse, Plaintiff JACK MACY has suffered loss of consortium, companionship, services, society and support.

WHEREFORE, Plaintiffs demand judgment against Defendants jointly, severally, and/or in the alternative, for such damages, both compensatory and punitive, as may be permitted pursuant to the laws of the State of New Jersey, together with pre- and post-judgment interest thereon, costs of suit and attorney fees.

Plaintiffs hereby incorporate by reference all allegations set forth in the Standard Complaint, as amended, which is contained in the Asbestos Manual. A copy of the Asbestos Manual which contains the Standard Complaint can be obtained from the Middlesex County Mass Tort Clerk or by visiting the following website:

http://www.judiciary.state.nj.us/mass-tort/asbestos/asbestos_amended_std_complaint.pdf

### DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury on all issues.

-17-

## DEMAND FOR ANSWERS TO INTERROGATORIES

Pursuant to the Asbestos Litigation General Order, Section VI.B. which can be found

at   http://www.judiciary.state.nj.us/mass-tort/asbestos/manual/generalorder1.pdf,   Plaintiffs

hereby demand that the above listed Defendants answer Standard Interrogatories in the form

prescribed by the Court and within the time provided by the above referenced Order.  A copy

of the Standard Interrogatories are contained in the Asbestos Manual and may be obtained

from the Clerk or by visiting the following website: http://www.judiciary.state.nj.us/mass-

tort/asbestos/asbestos_amended_std_complaint.pdf

## DESIGNATION OF TRIAL COUNSEL

Pursuant to Rule 4:25-4, Robert Lytle, Esq. and Leah Kagan, Esq. are hereby

designated as trial counsel in this matter.

## <u>CERTIFICATION</u>

I hereby certify that to my knowledge the within matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, and that no other action or arbitration proceeding is contemplated with the exception of a possible workers' compensation claim. I have no knowledge at this time of any non-party who should be joined in this action.

SZAFERMAN LAKIND BLUMSTEIN & BLADER, P.C.

By: _____
Robert Lytle
New Jersey Bar No. 046331990
101 Grovers Mill Road, Suite 200
Lawrence Township, NJ 08648
(609) 275-0400


And

SIMON GREENSTONE PANATIER BARTLETT, P.C.

By: _____
Leah Kagan
New Jersey Bar No. 013602009
3780 Kilroy Airport Way, Suite 540
Long Beach, CA 90806
(214) 276-7680


Dated:  January 30 2017

**Appendix XII-B1**

| | CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|---|
| | | PAYMENT TYPE: ☐CK ☐CG ☐CA |
| | Use for initial Law Division | CHG/CK NO. |
| | Civil Part pleadings (not motions) under *Rule* 4:5-1 | |
| | **Pleading will be rejected for filing, under *Rule* 1:5-6(c),** | AMOUNT: |
| | **if information above the black bar is not completed** | OVERPAYMENT: |
| | **or attorney's signature is not affixed** | |
| | | BATCH NUMBER: |

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Robert E. Lytle (NJ ID # 046331990) | (609) 275-0400 | Middlesex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Szaferman, Lakind, Blumstein & Blader, P.C. | MID-L-00623-17 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 101 Grovers Mill Road, Suite 200 Lawrenceville, NJ 08648 | Complaint |
| | JURY DEMAND  ■ YES  ☐ NO |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Marie Bond Macy and Jack Macy, Plaintiffs | Brenntag North America, Inc. (sued individually and as successor-in-interest to Mineral Pigment Solutions, Inc. And as successor-in-interest to Whittaker, Clark & Daniels, Inc.), et al. |

| CASE TYPE NUMBER (See reverse side for listing) 601 | HURRICANE SANDY RELATED? ☐ YES  ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE?  ☐ YES  ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE *N.J.S.A.* 2A:53 A -27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ YES  ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ☐ Yes  ■ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) ■ NONE  ☐ UNKNOWN |
|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ Yes  ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE  ☐ FRIEND/NEIGHBOR  ☐ OTHER (explain) ☐ FAMILIAL  ☐ BUSINESS |
|---|---|

| DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY?  ☐ Yes  ■ No |
|---|

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes  ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes  ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

| ATTORNEY SIGNATURE: | Robert E. Lytle, Esq |
|---|---|



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
### Use for initial pleadings (not motions) under *Rule 4:5-1*

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
- 151 NAME CHANGE
- 175 FORFEITURE
- 302 TENANCY
- 399 REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
- 502 BOOK ACCOUNT (debt collection matters only)
- 505 OTHER INSURANCE CLAIM (including declaratory judgment actions)
- 506 PIP COVERAGE
- 510 UM or UIM CLAIM (coverage issues only)
- 511 ACTION ON NEGOTIABLE INSTRUMENT
- 512 LEMON LAW
- 801 SUMMARY ACTION
- 802 OPEN PUBLIC RECORDS ACT (summary action)
- 999 OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
- 305 CONSTRUCTION
- 509 EMPLOYMENT (other than CEPA or LAD)
- 599 CONTRACT/COMMERCIAL TRANSACTION
- 603A AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
- 603Y AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
- 605 PERSONAL INJURY
- 610 AUTO NEGLIGENCE – PROPERTY DAMAGE
- 621 UM or UIM CLAIM (includes bodily injury)
- 699 TORT – OTHER

**Track III - 450 days' discovery**
- 005 CIVIL RIGHTS
- 301 CONDEMNATION
- 602 ASSAULT AND BATTERY
- 604 MEDICAL MALPRACTICE
- 606 PRODUCT LIABILITY
- 607 PROFESSIONAL MALPRACTICE
- 608 TOXIC TORT
- 609 DEFAMATION
- 616 WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
- 617 INVERSE CONDEMNATION
- 618 LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
- 156 ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
- 303 MT. LAUREL
- 508 COMPLEX COMMERCIAL
- 513 COMPLEX CONSTRUCTION
- 514 INSURANCE FRAUD
- 620 FALSE CLAIMS ACT
- 701 ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**
- 271 ACCUTANE/ISOTRETINOIN
- 274 RISPERDAL/SEROQUEL/ZYPREXA
- 278 ZOMETA/AREDIA
- 279 GADOLINIUM
- 281 BRISTOL-MYERS SQUIBB ENVIRONMENTAL
- 282 FOSAMAX
- 285 STRYKER TRIDENT HIP IMPLANTS
- 286 LEVAQUIN
- 287 YAZ/YASMIN/OCELLA
- 288 PRUDENTIAL TORT LITIGATION
- 289 REGLAN
- 290 POMPTON LAKES ENVIRONMENTAL LITIGATION
- 291 PELVIC MESH/GYNECARE
- 292 PELVIC MESH/BARD
- 293 DEPUY ASR HIP IMPLANT LITIGATION
- 295 ALLODERM REGENERATIVE TISSUE MATRIX
- 296 STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS
- 297 MIRENA CONTRACEPTIVE DEVICE
- 299 OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR
- 300 TALC-BASED BODY POWDERS
- 601 ASBESTOS
- 623 PROPECIA

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics.

**Please check off each applicable category** ☐ **Putative Class Action** ☐ **Title 59**